United States District Court
Southern District of Texas
ENTERED
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDIA ALUC, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03513 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

The petitioner, Claudia Aluc, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her detention. Doc. No. 1. Respondents have filed a motion for summary judgment (Doc. No. 4), to which Petitioner has filed a response in opposition (Doc. No. 5), and a motion to expedite (Doc. No. 6).

Aluc, a native and citizen of Haiti, arrived at Fort Lauderdale Airport on or about July 21, 2023, and was granted humanitarian parole. Doc. No. 1 at 5, 33. She contends that although her parole expired on July 19, 2025, her parole should be considered an "admission" for purposes of 8 U.S.C. § 1226. She claims that since she was later apprehended and detained on February 7, 2026, in the interior of the United States, she was not "seeking admission" and does not fit under the mandatory detention provision in 8

U.S.C. § 1225(b) but that she falls under 8 U.S.C. § 1226(a). In February 2026, after her parole expired, she was detained and charged with inadmissibility under Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i), 212(a)(7)(A)(i); 8 U.S.C. §§ 1182(a)(6)(A)(1), 1182(a)(7)(A)(i). *See* Doc. No. 1 at 18, 21.

Respondents contend that Petitioner is subject to mandatory detention under § 1225(b) because she is an applicant for admission under the Fifth Circuit's holding in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Doc. No. 4.

The Code of Federal Regulations, 8 CFR § 1001.1(q), in pertinent part, defines an "arriving alien" as:

> The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. **An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked.**

8 C.F.R. § 1001.1(q) (emphasis added). The petition reflects that Aluc entered the United States at the Fort Lauderdale Airport, a port-of-entry. Under § 1001.1(q), *supra*, she remained an arriving alien even though she was granted humanitarian parole; therefore, she is subject to mandatory detention under § 1225(b)(2). *See Karastoian v. Bondi*, Civ. A. No. 5:25-cv-233, 2026 WL 194391, at *3 (S.D. Tex. Jan. 22, 2026).

Moreover, Petitioner's claim that her humanitarian parole operated as an admission or otherwise removed her from her status as an arriving alien is contrary to 8 U.S.C. § 1182(d)(5)(A), which governs humanitarian parole and provides:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien **shall not be regarded as an admission of the alien** and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C.A. § 1182(d)(5)(A) (emphasis added). Thus, Aluc's expired humanitarian parole does not modify the proper detention authority because "[o]nce the purpose of parole has been served or the parole period expires, the noncitizen is returned to custody and continues to be classified as an arriving alien." *Karastoian*, 2026 WL 194391, at *3 (citing 8 U.S.C. § 1182(d)(5)(2), 8 C.F.R. § 1001.1(q), and holding that "Petitioner's expired humanitarian parole does not preclude [her] from being detained under 8 U.S.C. § 1225(b) because [s]he remains classified as an arriving alien"). Therefore, the Court finds that Petitioner is subject to mandatory detention under § 1225(b) and not entitled to a bond hearing. *See Buenrostro-Mendez*, 166 F.4th at 499 (citing 8 U.S.C. § 1225(a)(1)).

Petitioner also argues that her detention violates due process. However, the Fifth Circuit's recent decision in *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*), forecloses her due process claims.

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Doc. No. 4) is **GRANTED**.
2. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**
3. All other pending motions, if any, are **DENIED as MOOT**.
4. This case is **DISMISSED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED this 10th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE